**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

972 BROAD STREET
NEWARK, NEW JERSEY 07102

(973) 645-6347  Telephone
(973) 645-3101  Facsimile
(973) 297-4807  Facsimile

**RICHARD COUGHLIN**
FEDERAL PUBLIC DEFENDER

**CHESTER M. KELLER**
FIRST ASSISTANT

September 29, 2008

Honorable Katharine S. Hayden
United States District Court Judge
U.S. Post Office  & Courthouse
Federal Square
Newark, New Jersey 07101

    Re: **United States v. Ben McNeil**
       **Criminal No. 00-323**

Dear Judge Hayden:

  Enclosed please find a motion to reduce the sentence in the above-captioned matter pursuant to 18 U.S.C. § 3582.  This motion is meant to supplement the *pro se* motion previously filed in the matter.

  It is respectfully requested that Your Honor appoint the Federal Public Defender's Office to represent Mr. McNeil in this motion.  Mr. McNeil has requested that this office represent him on this motion and has prepared the enclosed financial affidavit to indicate his need for appointed counsel.

  A review by this office of Mr. McNeil's case seems to indicate that he may qualify for a reduction of sentence under the revised crack cocaine guideline.  Wilfredo Torres of the U.S. Probation Office has supplied pertinent documents to me.  The redacted presentence report indicates that the amount of crack was found to be between 150 and 500 grams.  The Statement of Reasons filed by Your Honor in this case correctly found that such amount resulted in a base offense level of 34, but that the total offense level was 33 because Your Honor found a weapon enhancement under U.S.S.G. § 3D1.1(b)(1).  Under current law, the base offense level would be 32 and the total offense level would be 31.  The revised advisory range would be 135-168 months.  When Your Honor sentenced Mr. McNeil on April 22, 2002 the applicable guideline range was found to be 168-210 months and a sentence of 168 months was imposed.

_____

800-840  Cooper Street, Ste. 350, Camden, New Jersey 08102  (856) 757-5341

22 South Clinton Avenue, Station Plaza #4, 4th Floor, Trenton, New Jersey  08609  (609) 989-2160

Thank you for consideration of these requests for the appointment of counsel and the reduction of sentence.

        Respectfully,

        s/Chester M. Keller
        **First Assistant Federal Public Defender**

CMK:CDL
cc:    Jonathan Romankow, Esq.
       Assistant United States Attorney

       Wilfredo Torres
       U.S. Probation Officer

       Ben McNeil
       Reg. No. 23270-050

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIM. No. 00-323 |
| | : | |
| | : | NOTICE OF MOTION; MOTION FOR |
| V. | : | REDUCTION OF SENTENCE |
| | : | PURSUANT TO 18 U.S.C. § 3582(c)(2); |
| BEN MCNEIL | : | MEMORANDUM OF POINTS AND |
| | : | AUTHORITIES |
| Defendant | : | |
| | : | Hearing Date: |
| | : | Hearing Time: |


TO:  JONATHAN ROMANKOW, ESQ.
     U.S. ATTORNEY'S OFFICE
     970 BROAD STREET
     NEWARK, NEW JERSEY 07102

     WILLIE TORRES
     DEPUTY CHIEF
     U.S. PROBATION OFFICER
     MLK., JR. FEDERAL BLDG.
     AND COURTHOUSE
     50 WALNUT STREET
     NEWARK, NEW JERSEY 07102

PLEASE TAKE NOTICE that on a date and time to be set by the Court, defendant, Ben **McNeil, through his counsel, Chester M. Keller will bring on for**

hearing the following motion:

## MOTION

Defendant, Ben McNeil, through his appointed counsel, the Office of the Federal Public Defender (Chester M. Keller, First Assistant Federal Public Defender, appearing), hereby moves this Honorable Court for a reduction in the sentence imposed in this case on April 22, 2002. This motion is made pursuant to 18 U.S.C. § 3582(c)(2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

                                              Respectfully submitted,

                                              <u>s/Chester M. Keller</u>

DATED:   September 29, 2008

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On April 22, 2002, Ben McNeil was sentenced to 168 months of imprisonment for his efforts to distribute and possess with intent to distribute more than 50 grams of cocaine base. The offense involved a total of between 150 and 500 grams of cocaine base. This amount, along with other guidelines considerations, produced a total offense level of 33 and a range of 168 to 210 months, according to the statement of reasons entered in this case.

Subsequent to Ben McNeil's sentencing - on November 1, 2007 - an amendment to § 2D1.1 of the guidelines took effect, which generally, reduces base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the quantity of crack cocaine in this case by two levels, to 32. This amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing guidelines. *See generally* United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, *Report to*

*Congress*: *Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb 1995). *See also Kimbrough v. United States,* 128 S. Ct. 558, 568-69 (2007) *(*discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, *supra,* at 10.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). It took that action on December 11, 2007, by including this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines. *See* 73 Fed. Reg. 217-01 (2008). Based on this retroactivity, the statutory authority underlying it, and

the Supreme Court's intervening decisions in *United States v. Booker*, 543 U.S. 220 (2005); *Rita v. United States*, 127 S. Ct. 2456 (2007); *Gall v. United States*, 128 S. Ct. 586 (2007); and *Kimbrough v. United States, supra,* Ben McNeil brings this motion to reduce his sentence.

II.

## ARGUMENT

A.  BEN MCNEIL'S TOTAL OFFENSE LEVEL SHOULD BE REDUCED FROM 33 TO 31, AND THE GUIDELINE RANGE REDUCED FROM 168-210 TO 135-168 BASED ON THE AMENDMENT TO § 2D1.1.

18 U.S.C. § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (2) of that policy statement lists amendments that are covered by the policy statement. One of the amendments which is

**listed is amendment 711 to the guidelines.[1] That is the amendment which reduced the base offense level for crack cocaine offenses.** *See* **U.S.S.G., App. C, § 711.**

**Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 34 to 32, a decrease in the total offense level from 33 to 31, and a decrease in the resulting guideline range from 168-210 to 135-168. It is respectfully requested that Your Honor consider a sentence of 135 months that represents the bottom end of the amended guideline range. This would be consistent with Your Honor's imposition of the low end of the applicable range at the original sentencing.**

---

[1]This amendment is not listed in the November 1, 2007 Guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. *See* United States Sentencing Commission News Release dated December 11, 2007, available at http://USSG.gov/PRESS/rell21107.htm. *See also* 73 Fed. Reg. 217-01 (2008).

## **CONCLUSION**

It is the request of the defendant that his sentence be reduced to a term of 135 months.

        Respectfully,

        **s/Chester M. Keller**
        **First Assistant Federal Public Defender**