RECEIVED

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AUG 2 9 2011

AT 8:30_____M
WILLIAM T. WALSH, CLERK

JESSE OPHER,

      Defendant,

  vs

UNITED STATES OF AMERICA,

      Respondant.

Criminal No.  00-00323-009

## DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT

Now Comes, Jesse Opher, hereinafter, defendant, pro se., to respectfully move this Honorable Court pursuant to 18 U.S.C. §3582(c)(2) for an Order reducing his term of imprisonment from Life to a sentencing guideline range of 188 to 235 months.

## PROCEDURAL BACKGROUND

Defendant was charge and subsequently indicted for Conspiracy To Distribute and Possess With Intent To Distribute 5 kilograms of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§846 & 841(a)(1).  On Decembver 3, 2001, the defendant was convicted after a trial by jury of those offenses.  On April 18, 2002, defendant was sentenced to Life imprisonment.  A timely appeal was filed. On September 18, 2003, the Third Circuit Court of Appeals affirmed the convictions. On August 26, defendant filed his first § 2255.  To date there has been response from that filing, thus it is still pending.  In April 2008, defendant submitted a Motion pursuant to §3582(c)(2) again no response from the Court, thus the §3582(c)(2) Motion is also pendening.  Now this defendant presents this instant cause of action.

1

## STANDARD OF REVIEW

Pro se filings "however unskillfully plead, must be liberally construed." Haines v Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d (1972). A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. Gordon v Leeke, 574 F.2d 1147,1151(4thCir.1978). Also, See. Royce v Hahn, 151 F.3d 116, 118(3rdCir.1998); Lewis v Attorney Gerneral, 878 F.2d 714,721-22(3rd.Cir. 1989); and United States v Brierley, 414 F.2d 552,555(3rdCir.1969).

## ARGUMENT

Defendant argues that this Court should modify his sentence pursuant to 18 USC §3582(c)(2)m which states in relevant part:

(c) Modification of an Imposed Term of Imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that –

...

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC 944(O), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2) – 2010

Specifically, this defendant argues that he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Amendment 750 to the United States Sentencing Guidelines. Accordingly, on June 30, 2011 Congress agreed that this amendment be applied retroactively. Therefore, this defendant asserts that his

2

term of imprisonment should be reduced using the 18 to 1 drug ratio

in accord with Amendment   As such, had amendment 750 been in effect

at the time of defendants' sentencing, his total base Offense Level

would have been 35 and providing a sentencing guideline range of 188

to 235 months (Crim.Hist.Level II ), instead of Life.

This defendant contends that even these sentences are 'unreasonable'

and therefore further argues that the crack versus powder cocaine issues

raised by the U.S. Sentencing Commissions since 1995 and substanuated

in Uniteds States v. Brisbane, 397 F.3d 910(2004), whereby the Brisbane

Court held ""Cocaine and cocaine base are the same thing." In this case

Brisbane was sentenced to 30 years imprisonment for distributing cocaine

base.   The Court vacated the 30 year sentence and remanded the case

with instructions to resentence Brisbane for distribution of cocaine.

See, also United States v. Kimbrough, 128 S.Ct. 558 at 5, the Supreme

Court here held, "crack and powder cocaine are two forms of the same drug."

Under this analysis, this defendant was held responsible

Using the New Cocaine Retroactive Drug Quantity Table (Nov.2010), the

offense level for 5 kilograms would be Offense Level 26 and the sentencing

guideline range would be 70 to 87     months with a Criminal History

category of  II.

The following chart makes clear the reasonable sentences that

are available to this Court:

3

JESSE OPHER – CrimNo. 00–00323–009 – <u>Sentencing Chart Analysis</u> – 2011

| ORIGINAL GUIDELINE CALCULATION:  5 Kilograms Cocaine / 50 Grams or More Cocaine Base | OFFENSE:   21 USC §§846 & 841(a)(1) |
|---|---|
| Base Offense Level: | 38 |
| Other Enhancement: | (+2) |
| Role in the Offense: | (+4) |
| Adjusted Offense Level: | 44 |
| Criminal History Category: | II |
| Original Guideline Range: | Life |
| Original Sentence Imposed: | Life |

| AMENDED GUIDELINE   2008 Two Level CALCULATION: | 2008 Two Level Redcuction under Amendments 706 & 711 |
|---|---|
| Base Offense Level: | 36 |
| Other Enhancement: | (+2) |
| Role in the Offense: | (+4) |
| Adjusted Offense Level: | 42 |
| Criminal History Category: | II |
| Amended Guideline Range: | 360 to Life |
| Amended Sentence Pursuant to Retroactive Amendment  706, 711: | 360 §3582(c)(2) 2008 Motion Still Pending. |

| NEW AMENDED GUIDELINE CALCULATION:    18 to 1 Drug Ratio | 2011 Retroactive Amendment 750 |
|---|---|
| Base Offense Level: | 26 |
| Other Enhancement: | (+2) |
| Role in the Offense: | (+4) |
| Adjusted Offense Level: | 32 |
| Criminal History Category: | II |
| Amended Guideline Range: | 135 to 168 |
| Retroactive Amendment 750: Proposed | 135 months imprisonment |

In this cause, the U.S. Sentencing Commission has reduced guideline offense levels for cocaine base cases, and has made the reductions retroactive to previously sentenced defendants.  This defendant contends that his sentence was based inpart on his conviction of a cocaine base criminal offense, therefore he as met the threshold requirement necessary to be considered for a sentence reduction, which is appropriate in this case.

This defendant respectfully request this Court to consider the guidelines in an advisory capacity, and pursuant to the Sentencing Reform Act, the guideline policy statements including grounds for departure, <u>United States v Booker</u>, 543 U.S. 220(2005); <u>Gall v United States</u>, 128 S.Ct. 586(2007), and 18 USC §3553(a) finds that an appropriate senence is achieved by departing from the amended guideline range.  The departure is appropriated under the guidelines and is a comparable reduction to the one applied to the original guideline range.  See, U.S.S.G. §1B1.10, p.s., comment (n3)(providing that, if a departure was granted from the origional guideline range, new sentence should be calculated factoring in comparable reduction from amended guideline range.  In this light, this defendants claims that a sentence in the range of 135 to 168 months is sufficient, but not greater than necessary in light of the sentencing objectives in §3553(a)(2).

## SENTENCING DISCUSSION

As Judge Hellerstein of the United States District Court for the
Southern District of New York has noted, rehabilitation is a goal of
punishment and "[t]hat goal cannot be served if the defendant can look
forward to nothing beyond imprisonment.  Hope is the necessary condition
of mankind ... A judge should be hesitant before sentencing so severely
that he destroys all hope and takes away all possibility of useful life.
Punishment should not be more severe than necessary to satisfy the goals
of punishment." United States v Carvajal, 2005 WL 476125(SDNYFeb.2005).
Other courts have simularly found that 'life-extinguishing' sentences
provided by, the once mandatory guidelines, were unreasonable.  See,
e.g., United States v Thomas, 360 F.Supp.2d 238(2005).  In Carvajal,
the court declined to impose a sentence within the 235 to 293 month
range required by the applicable guideline provisions, finding that such
a sentence was excessive and greater than necessary to comply with the
purpose of sentencing, noting, that the defendant was 34 years old, the
court reduced the sentence to 168 months, allowing for the defendant to
be released at the age of 48, and leaving the defendant with hope for
a productive life after incarceration.  Simularly in Thomas, the court
declined to impose a sentence that may have been recommended by the
guidelines and instead, imposed a sentence that would permit the
defendant to be release while still in his late fifties or early sixties,
ensuring both that the defendant could no longer be a danger to the
community and that he "may have a chance to enjoy the remaining years
with his love ones." Thomas, 360 F.Supp.2d at 243.  In this case,
the defendant is 47 years old and respectfully request that the Court
consider his age in determining any relief it may deem appropriate.

## SUMMARY AGRUMENT

The U.S. Sentencing Commission has reduced guideline Offense levels for cocaine base case, and has made the reductions retroactive to previously sentenced defendant's in accord with U.S.S.G. App. C Amend. 750. See, S.S.S.G. §1B1.10,p.s., therefore a sentencing reduction is appropriate in this case. Defendant, request this Court to consider the guidelines in an advisory capacity, and pursuant to the Sentencing Reform Act, the guideline policy statements, including grounds for departure, United States v Booker, 543 U.S. 220(2005), Gall v United States, 128 S.Ct. 586(2007), and 18 USC §3553(a) finds that an appropriate sentence is achieved by departing from the amended guideline range. The departure is appropriate under the guidelines and is a comparable reduction to the one applied to the original guideline. See. I?S?S?G? §1B1.10,p.s., comment (n3)(providing that, if a departure was granted from the original guideline range, new sentence should be calculated factoring in comparable reduction from amended guideline range.) This defendant now claims that a sentence in the range of 135 to 168 months imprisonment is sufficient, but not greater than necessary in light of the sentence objectives in §3553(a)(2).

## CONCLUSION

For all the reasons herein, this Defendant respectfully request this Honorable Court Order that his sentence be reduced from Life to 135 months to 168 months, imprisonment. The defendant also request this Court to Order this Motion Under Advisement until November 1, 2011, whereby this court can consider whether to adjust defendants' sentence

Respectfully Submitted,

_Jesse Opher_

Jesse Opher, Pro Se
Fed.No. 23271-050
USP Allenwood - POB 3000
White Deer, Pa., 17887


## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _8/22/2011_
day of August, 2011, a copy of the foregoing Motion To Modify was
mailed first class postage prepaid to:

> Office of US Attorney
> United States District Court
> 401 Market Street, 4th Floor
> Camden, NJ   08101

_Jesse Opher_

Jesse Opher
Fed.No.  23217-050
USP Allenwood - POB 3000
White Deer, Pa., 17887

8

AT ROANOKE, VA

AUG 04 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:02cr30020-18 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JESSIE WILLIAM NEWTON | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court upon defendant Jessie William Newton's motion (Docket No. 1147) pursuant to 18 U.S.C. § 3582(c)(2) seeking recalculation of his guideline pursuant to Amendment 750 (parts A and C) of the United States Sentencing Guidelines, regarding crack cocaine sentencing, and a corresponding reduction of his sentence. On June 30, 2011, the Sentencing Commission decided, pursuant to its authority under 28 U.S.C. § 994(u), that, effective November 1, 2011, Amendment 750 (parts A and C) will apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated. Under § 3582(c), the court may, but is not required to, modify a defendant's term of imprisonment where the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Although Amendment 750 (parts A and C) is not retroactive until November 1, 2011, it is hereby **ORDERED** that Newton's motion is **TAKEN UNDER ADVISEMENT** until further order of the court. The court will, at an appropriate time, consider whether it should adjust Newton's sentence under the Amendment.

The Clerk is directed to send a copy of this Order to defendant, the United States Probation Office, and counsel of record for the United States.

ENTER: This _3rd_ day of August, 2011.

United States District Judge

A TRUE COPY, TESTE:
JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK