NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC MACK,

       *Petitioner,*

  v.

UNITED STATES OF AMERICA,

       *Respondent.*

Crim. No. 00-323-03 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

    This matter comes before the Court on Eric Mack's petition pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that a defendant may petition for a reduction in his sentence when he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. Petitioner contends that the retroactive application of Amendment 706 to the United States Sentencing Guidelines requires re-sentencing at a reduced base offense level. [D.E. 466.] For the following reasons, the Court denies the petition.

    From 1994 through 1999, petitioner was involved in a multi-state drug distribution ring headquartered in Plainfield, New Jersey. On May 22, 2000, a one-count indictment for conspiracy to distribute and intent to possess with the intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base was filed against 11 defendants. [D.E. 1.] According to the Presentence Report ("PSR"), as part of the plea bargain petitioner was held accountable for between 15 and 50 kilograms of cocaine. (P.S.R. ¶ 63.)

On April 23, 2002, petitioner was sentenced to a term of 180 months. [D.E. 342.] The sentence was predicated on the base offense level for the drug quantity stipulated in the plea agreement, 15 to 50 kilograms of cocaine, which in the 2001 edition of the Sentencing Guidelines Manual was a base offense level of 34. U.S.S.G. § 2D1.1 (a)(3)(c)(3) (2001). After adjustments, the total offense level on which he was sentenced was 33. On April 26, 2010, petitioner moved for a reduction in his sentence on grounds that Amendment 706 to the Sentencing Guidelines makes him eligible for resentencing at a base offense level two levels below that at which he was originally sentenced.

Amendment 706 to § 2D1.1 of the Sentencing Guidelines was enacted on November 1, 2007 to address the so called "100-to-1 drug quantity ratio"—a penalty structure under which "100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty." U.S.S.G. App. C, vol. III, Amend. 706 (2011). The United States Sentencing Commission found the problems associated with the 100-to-1 drug quantity ratio to be "urgent and compelling," and promulgated Amendment 706 to modify "the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties," as opposed to the prior system which "provide[d] base offense levels corresponding to guideline ranges that are above the statutory mandatory minimum penalties." (*Id.*)

While Amendment 706 addressed the harsher penalties associated with crack/cocaine base offenses by reducing the base offense levels for certain quantities of crack, it did not change the base offense levels associated with cocaine, which remain the same. *See* U.S.S.G. § 2D1.1 (a)(3)(c)(3) (2011). Therefore, because petitioner pled to and was convicted of a cocaine

offense, Amendment 706 is inapplicable and does not mandate a reduction in his base offense level.[1]  Good cause appearing,

IT IS on this 26th day of March, 2012,

**ORDERED** that petitioner's petition for resentencing pursuant to 18 U.S.C. § 3582 is **denied**.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[1] The Sentencing Guidelines were again amended to further reduce the penalties levied upon crack cocaine offenses by Amendment 750, effective November 1, 2011.  However, this amendment, much like Amendment 706, only affects the base offense levels related to quantities of cocaine base/crack and not cocaine.  U.S.S.G. App. C, vol. III, Amend. 750 (2011).