

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<u>**ORIGINAL FILED WITH CLERK**</u>

CHAMBERS OF
**JEROME B. SIMANDLE**
CHIEF JUDGE

February 24, 2015

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
P.O. BOX 2797
CAMDEN, NJ  08101
(856) 757-5167

Lawrence Bluestone, Esq.
Natalie J. Kraner, Esq.
LOWENSTEIN SANDLER, LLP
65 Livingston Avenue
Roseland, NJ  07068

  Re: **Access to Documents in Connection with Clemency Project 2014**
    <u>United States v. Paz</u>;  Cr. No. 92-172 (JLL)
    <u>United States v. Hawkins</u>; Cr. No. 00-323 (KSH)
    <u>United States v. Hill</u>;  Cr. No. 03-685 (JBS)
    <u>United States v. Edmonds</u>; Cr. No. 03-258 (WHW)
    <u>United States v. Hohney</u>; Cr. No. 03-228-13 (FLW)

Dear Mr. Bluestone and Ms. Kraner:

  This will respond to Mr. Bluestone's letter of January 23, 2015 seeking a blanket order to permit your firm's attorneys access to your clients' files, including the Presentence Investigation Report, statement of reasons, sentencing transcripts, and other documents filed under seal in their respective cases.  Please forgive my delay in responding.  This also responds to motions recently submitted by Ms. Kraner in the above-captioned cases seeking such materials.  This is the first such request in our district from private counsel seeking such documents under the Clemency Project, and the Court is interested in putting into place a suitable order for use in all <u>pro</u> <u>bono</u> Clemency Project 2014 cases.

  The willingness of you and your firm to take on this project is commendable.  There is a problem, however, with the breadth of the proposed Order because it would include providing attorneys with "copies of documents filed under seal on the docket relating to the Defendants' convictions."  As you know, especially in multi-defendant cases, documents can be filed and retained under seal for many good reasons.  The proposed Order would give carte blanche to the turnover of "documents filed under seal on the docket", which would seem to not have the appropriate limitations.  Without knowing what those other sealed documents might be, I am reluctant to sign such an order.

Lawrence Bluestone, Esq.
Natalie J. Kraner, Esq.
February 24, 2015
Page 2

      For the sake of drafting a court-wide order, I invite you to propose some limiting language that would enable you to meet your duties as attorneys for a petitioner without compromising sealed documents that are unnecessary for your work and may jeopardize, for example, confidential informant information or equally sensitive information about co-defendants. I have also asked our Chief of Probation, Wilfredo Torres, to review this form of order with the representatives of the United States Attorney's Office and the Federal Public Defender's Office for their suggestions, and I expect to hear more within 14 days. I feel that this dialogue is important as we set up a procedural structure to facilitate not only your representational efforts, but also those of other pro bono advocates who may join this project in the future. I look forward to hearing your thoughts.

      By copy of this letter, I am also informing the District Judges before whom Ms. Kraner has filed the new motions, and requesting that they defer decision on the motions (returnable March 16, 2015) pending this effort at a more global resolution.

      Very truly yours,

      *Jerome B. Simandle*

      JEROME B. SIMANDLE
      Chief U.S. District Judge

JBS/mm

cc:    Hon. Jose L. Linares
       Hon. Katherine S. Hayden
       Hon. William H. Walls
       Hon. Freda L. Wolfson
       Wilfredo Torres, Chief U.S. Probation Officer