# Lowenstein Sandler LLP

**Natalie J. Kraner**
Pro Bono Counsel

65 Livingston Avenue
Roseland, NJ 07068
T  973 422 6722
F  973 422 6723
nkraner@lowenstein.com

March 4, 2015

*VIA ECF & FEDERAL EXPRESS*

Honorable Jerome B. Simandle, U.S.D.J.
Mitchell H. Cohen Building
 & U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, NJ 08101

Re:   **Access to Documents in the Following Cases in Connection with Clemency Project:**
      **United States v. Fabio Paz, Case No. 2:92-cr-00172-JLL**
      **United States v. Hassan Hawkins, Case No. 2:00-cr-00323-KSH-5**
      **United States v. Sheray Hill, Case No. 1:03-cr-00685-JBS-1**
      **United States v. Arthur Edmonds, Case No. 2:03-cr-00258-WHW-1**
      **United States v. Floyd Hohney, Case No. 3:03-cr-00228-13**

Dear Chief Judge Simandle:

This firm is pro bono counsel for the above defendants in connection with Clemency Project 2014 ("CP2014"). I write in response to Your Honor's February 24th correspondence regarding our firm's request for an Order that would govern our ability to: 1) access sealed and/or confidential documents relating to our clients, and 2) share those documents with CP2014 and the Office of the Pardon Attorney.

We would like to thank Your Honor for considering our request and for taking the initiative to put in place a global order that would encompass all pro bono CP2014 cases. We understand Your Honor's concerns about the scope of the previously submitted order and hereby submit a revised order that we believe will allow pro bono counsel effectively to represent their clients in connection with their petitions for clemency, while providing appropriate limitations to protect sealed and confidential information that is not related to our clients and/or their petitions for clemency.

First, we no longer seek access to all documents filed under seal relating to our clients' convictions. CP2014 has provided pro bono counsel participating in the project with a list of the categories of documents that will be necessary to review in order to determine whether our clients meet the eligibility criteria for clemency. See **Exhibit 1** (Appendix A:  Checklist and

**Lowenstein
Sandler**LLP

Honorable Jerome B. Simandle, U.S.D.J.  March 4, 2015
Page 2

Potential Sources for Obtaining Necessary Case Documents). We have incorporated that list into our proposed order, and thereby limit the types of documents that we seek to access.

Second, in response to Your Honor's concerns about multi-defendant cases, this proposed Order prohibits counsel from accessing sealed documents relating solely to a co-defendant.

We do note, however, that we may require access to additional documents relating to our clients, or their co-defendants, that were filed under seal. While we cannot anticipate every scenario, it is possible, for example, that counsel may need to review jury trial transcripts or documents relating to a co-defendant's charge and conviction in order to show that our client had no significant ties to organized crime, gangs or cartels – which is one of the eligibility criteria for clemency. We may also need to access additional documents relating to our clients' prior convictions, if the court relied upon those prior convictions to classify a defendant as a career offender or to increase the mandatory minimum sentence. In order to balance our potential need to access additional sealed documents in certain cases against the Court's concerns about a blanket order granting access to *all* sealed documents relating to a CP2014 client, we propose a two-tiered approach pursuant to which we can make a motion if we need to access documents relating to our client or a co-defendant that go beyond the categories of documents identified in the proposed order. We defer to Your Honor as to whether such motions should be directed to one particular judge, or the judge assigned to the individual client's case.

Third, we would like to address any concerns Your Honor may have about the use and dissemination of the information at issue here. As we explicitly state in the revised order, these documents will not be used for any purpose other than the evaluation and preparation of a petition for clemency. We do, however, need to have the ability, with the consent of our clients, to share these documents with CP2014. Again, assuming our clients consent, attorneys associated with CP2014 will be reviewing our recommendations with regard to our clients' eligibility for clemency and will refer to certain confidential documents in doing so. Our firm has entered into an agreement with CP2014 obligating the attorneys associated with it to preserve our clients' confidences and any applicable privileges. Moreover, it is our understanding that everyone involved with CP2014 has signed a non-disclosure agreement that further obligates him or her to maintain the confidentiality of all information received through the Project and to destroy any confidential information once CP2014 has completed reviewing and/or processing a petition for clemency.

The information will thereafter only be shared as part of the petition for clemency that is submitted to the Office of the Pardon Attorney. Notably, certain documents, such as the Presentence Investigation Report and the Judgment of Conviction and Statement of Reasons, are required to be attached to the Petition. Certain other potentially sealed and/or confidential documents, such as the sentencing transcript, may also be provided if relevant to the issues in the petitions. A copy of the OPA Checklist for Preparation of Commutation of Sentence Application

**Lowenstein
Sandler**LLP

Honorable Jerome B. Simandle, U.S.D.J.  March 4, 2015
Page 3

Packages is attached hereto as **Exhibit 2**. CP2014 and the Office of the Pardon Attorney are the only third-parties to whom pro bono counsel would be permitted to provide a copy of the documents that are the subject of the proposed order.

We hope that our proposed modifications to the order address Your Honor's concerns. Please let us know if Your Honor would like to continue this dialogue through a conference call or in-person meeting. We look forward to working with Your Honor, Chief U.S. Probation Officer Torres, and any other interested parties to craft an appropriate Order.

Thank you for your consideration of these matters.

Respectfully submitted,

*/s/ Natalie J. Kraner*

Natalie J. Kraner

30109/2
3/4/15 35076386.4

Enclosure(s)

cc:   Hon. Jose L. Linares, U.S.D.J. (*via ECF*)
      Hon. Katherine S. Hayden, U.S.D.J. (*via ECF*)
      Hon. William H. Walls, U.S.D.J. (*via ECF*)
      Hon. Freda L. Wolfson, U.S.D.J. (*via ECF*)
      Wilfredo Torres, Chief U.S. Probation Officer (*via Federal Express*)