TO THE HONORABLE JUDGE KATHERINE S. HAYDEN

    IM WRITING THIS LETTER AT THE MERCY OF THE COURT ASKING TO BE DISCHARGED OFF SUPERVISE RELEASE. I HAVE SPENT ALOT OF MY TIME, MONEY, AND ENERGY ON TAKING CARE OF MY CHILD SUPPORT CASE. FINALLY ON FEB 28 2017 THE CASE WAS CLOSED.

    I HAVE BEEN STRUGGLING UP HERE IN NEW JERSEY MOVING FROM PLACE TO PLACE. RIGHT NOW IM RENTING A ROOM IN TRENTON NJ. ITS IN A NEIGHBORHOOD THAT I DONT WANT TO BE IN BUT DONT HAVE A OPTION.

    IM TRYING TO MOVE DOWN NORTH CAROLINA WITH MY MOTHER AND SISTER FOR SOME STABILITY. I HAVE A FEW JOB OPTIONS DOWN THERE.

THANK YOU
RESPECTFULLY WRITTEN BY
ERIC MACK
*Eric Mack*
JUNE 4, 2017

| MCGILL LIZA<br>PLAINTIFF | VS | MACK ERIC<br>DEFENDANT | SUPERIOR COURT OF NEW JERSEY<br>Chancery Division-Family Part<br>**CIVIL ACTION ORDER** |
|---|---|---|---|
| ☐ Obligor  [x] Obligee | | [x] Obligor  ☐ Obligee | COUNTY: UNION COUNTY |
| HEARING DATE<br>02/28/2017 | | WELFARE / U.I.F.S.A. #<br>C005559018 | DOCKET #: FD-18-000723-92<br>CS#: CS20612588E |

With appearance by: [x] PL  ☐ Atty for PL _____  [x] DEF  ☐ Atty for DEF _____
☐ IV-D Atty  ☐ County Probation Division

This matter having been opened to the court by: ☐ Plaintiff [x] Defendant ☐ County Welfare Agency ☐ Probation Division ☐ Family Division
for an ORDER for: [x] Paternity ☐ Support ☐ Visitation ☐ Custody ☐ Enforcement ☐ Modification / Increase / Decrease
☐ Termination / Continuation ☐ Status Review

1. State with Continuing Exclusive Jurisdiction: NEW JERSEY

| | CHILD'S NAME | BIRTH DATE | | CHILD'S NAME | BIRTH DATE |
|---|---|---|---|---|---|
| 2A. | ███████ | ███████ | 2E. | | |
| 2B. | | | 2F. | | |
| 2C. | | | 2G. | | |
| 2D. | | | 2H. | | |

3. ☐ PATERNITY of child(ren) (# above) _____ is hereby established and an ORDER of paternity is hereby entered.
4. ☐ A Certificate of Parentage has been filed for child(ren) # _____ above.
5. ☐ IT IS HEREBY ORDERED THAT: The obligor shall pay support to the New Jersey Family Support Payment Center in the amount of:

____ + ____ + ____ = ____ payable ____ effective ____
Child Support  Spousal Support  Arrears Payment  Total  Frequency  Date

NOTE: Child support is subject to a biennial cost-of-living adjustment in accordance with R. 5:6B

6. ☐ Child Support Guidelines Order  ☐ Deviation reason: _____
6A. ☐ Worksheet attached.
7. ☐ Support order shall be administered and enforced by the Probation Division in the county of Venue, **UNION COUNTY**.
8. ☐ ARREARS calculated at establishment hearing are based upon amounts and effective date noted above and total $ _____
9. [x] ARREARS indicated in the records of the Probation Division, are $ 63,722.90 as of 02/28/2017 upon which this ORDER is based.
10. ☐ GROSS WEEKLY INCOMES of the parties, as defined by the Child Support Guidelines,
    OBLIGEE $ _____  OBLIGOR $ _____
11. ☐ INCOME WITHHOLDING is hereby ORDERED on current and future income sources, including:
    Name of income source: _____  Address of income source: _____
    OBLIGOR SHALL, however, make payments AT ANY TIME that the full amount of support and arrears is not withheld.
12. ☐ Medical Support coverage as available at reasonable cost shall be provided for the
    ☐ child(ren) ☐ spouse, by  Obligor ☐  Obligee ☐  Both ☐
    The parties shall pay unreimbursable health care expenses of the child(ren) which exceed $250.00 per child per year as follows
    _____ % Obligor  _____ % Obligee
    Pursuant to R 5:6A the obligee shall be responsible for the first $250.00 per child per year.
    If coverage is available, Medical Insurance I.D. card(s) as proof of coverage for the child(ren)/spouse shall be provided immediately upon availability to the Probation Division by the:
    ☐ Obligee  ☐ Obligor
12A. ☐ Insurance currently provided by a non-party: _____
12B. ☐ Health insurance benefits are to be paid directly to the health care provider by the insurer.
13. ☐ GENETIC TESTING to assist the court in determining paternity of the child(ren)(# _____ ) is hereby ORDERED. The county welfare agency or the foreign jurisdiction in the county of residence of the child shall bear the cost of said testing, without prejudice to final allocation of said costs. If defendant is later adjudicated the father of said child(ren), defendant shall reimburse the welfare agency for the costs of said tests, and pay child support retroactive to _____
13A. ☐ Issues of reimbursement reserved.  13B. ☐ Issue of retroactive order reserved.

CS526,54024345

| | | | | | |
|---|---|---|---|---|---|
| DOCKET# | FD-18-000723-92 | CS# CS20612588E | HEARING DATE | 02/28/2017 | PAGE 2 OF 2 |

| # | | |
|---|---|---|
| 14. | ☐ | This matter is hereby RELISTED for a hearing on _____ before _____. A copy of this ORDER shall serve as the summons for the hearings. No further notice for appearance shall be given. Failure to appear may result in a default order, bench warrant, or dismissal. Reason for relist: |
| 15. | ☐ | AN EMPLOYMENT SEARCH MUST BE CONDUCTED BY THE OBLIGOR. Written records of at least # ___ employment contacts per week must be presented to the Probation Division. If employed, proof of income and the full name and address of employer must be provided immediately to the Probation Division. |
| 16. | ☐ | SERVICE upon which this order is based:<br>Personal Service ☐ Certified Mail: ☐ Refused ☐ Diligent Inquiry ☐ Regular Mail (not returned)<br>Date: _____ ☐ Signed by: _____ ☐ Returned Unclaimed ☐ Other: |
| 17. | ☐ | A BENCH WARRANT for the arrest of the obligor is hereby ORDERED. The obligor was properly served with notice for court appearance on _____, and failed to appear. (Service noted above). An amount of $_____ shall be required for release. |
| | ☐ | THE OBLIGOR IS HEREBY INCARCERATED in the _____ County Jail until the obligor pays $_____ or until further notice of this court. The obligor was found to be not indigent and had the ability to pay the support order for reasons indicated below. |
| 18. | ☐ | EFFECTIVE _____ FUTURE MISSED PAYMENT(S) numbering _____ or more may result in the issuance of a warrant, without further notice. |
| 19. | ☐ | A LUMP SUM PAYMENT OF $_____ must be made by the obligor by _____, or a bench warrant may be issued without further notice. |
| 20. | ☐ | This complaint / motion is hereby DISMISSED: (reason) _____ |
| 21. | ☐ | Order of Support is hereby TERMINATED effective _____, as _____. Arrears accrued prior to effective date, if any, shall be paid at the rate and frequency noted on page number one of this ORDER. |
| 22. | ☐ | THIS ORDER IS ENTERED BY DEFAULT. The ☐ obligor ☐ obligee was properly served to appear for a hearing on _____ and failed to appear. 22A. ☐ Affidavit of Non-Military Service is filed. |
| 23. | ☒ | It is further ORDERED: Vylisha Bell, co-plaintiff, mother and Eric Mack, defendant, father were present for the hearing. Liza McGill, maternal grandmother, was not present. By consent of the mother and father, it is agreed Mr. Mack is dis-established as the father of Trevor McGill, D.O.B. 01/27/1990. The birth certificate is to be amended to remove Mr. Mack as the father. All child support arrears are vacated effective today, 02/28/2017, including arrears owed to welfare. |

EXCEPT AS PROVIDED HEREIN, ALL PRIOR ORDERS OF THE COURT REMAIN IN FULL FORCE AND EFFECT.

I hereby declare that I understand all provisions of this ORDER recommended by a Hearing Officer and I waive my right to an immediate appeal to a Superior Court Judge:

PLAINTIFF                                    DEFENDANT
ATTORNEY FOR PLAINTIFF              ATTORNEY FOR DEFENDANT

| # | | |
|---|---|---|
| 24. | ☐ | INTAKE CONFERENCE BY AUTHORIZED COURT STAFF:<br>PROBATION PREPARED CHILD SUPPORT ORDER |
| 25. | ☐ | The parties request the termination of all Title IV-D services and consent to direct payment of support. They are advised that all monitoring, collection, enforcement and location services available under Title IV-D of the Social Security Act are no longer in effect. I understand I may reapply for Title IV-D services. |

_____                              _____
obligee                                      obligor

| 26. | ☒ | Copies provided at hearing to ☒ obligee ☒ obligor   26A. ☐ Copies to be mailed to ☐ obligee ☐ obligor |

TAKE NOTICE THAT THE ATTACHED NEW JERSEY UNIFORM SUPPORT NOTICES ARE INCORPORATED INTO THIS ORDER BY REFERENCE AND ARE BINDING ON ALL PARTIES.

So Recommended to the Court by the Hearing Officer:
Date _____          H.O. _____    Signature _____

So Ordered by the Court:
Date 02/28/2017    Judge HANY MAWLA    J.S.C.
                                       Signature

CS526,54024345

## NEW JERSEY UNIFORM SUPPORT NOTICES

TAKE NOTICE that the following provisions are to be considered part of this order and are binding on all parties:

1. You must continue to make all payments until this court order is changed by another court order. The obligee and obligor shall notify the appropriate Probation Division of any change of address, employment status and health care coverage for themselves and the child(ren) within 10 days of the change. Notices are sent to the last address provided. Not providing this information is a violation of this Order. (R. 5:7-4A(d)).

2. Child support shall terminate by operation of law when a child marries, dies or enters military service. Child support shall also terminate on the child's 19th birthday unless another age is specified in a court order, which shall not extend beyond the child's 23rd birthday. (N.J.S.A. 2A:17-56.67 et seq.).

3. You must file a motion or application in the Family Division in the county in which the order was entered in order for the court to consider a change in the support order. Contact the Family or Probation Division for instructions. It is important to request a change as soon as possible after your income or the child(ren)'s status changes. In most cases, if you delay making your request and you are the obligor, you will have to pay the original amount of support until the date of your written request.

4. Payments must be made to the New Jersey Family Support Payment Center, P.O. Box 4880, Trenton, NJ 08650, unless the court directs otherwise. (R. 5:7-4A(d)). Payments may be made by check, direct debit from your checking account, or credit card. Gifts, other purchases, or in-kind payments made directly to the obligee or child(ren) will not fulfill the support obligation. Credit for payments made directly to the obligee or child(ren) may not be given without a court order.

5. No payment or installment for child support, or those portions of an order that are allocated for child support, shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification as provided in N.J.S.A. 2A:17-56.23a. (R. 5:7-4A(d)).

6. The amount of child support and/or the addition of a health care coverage provision in cases receiving services under Title IV-D of the Social Security Act shall be subject to review at least once every three years, on written request by either party to the Division of Family Development, P.O. Box 716, Trenton, NJ 08625-0716, as appropriate, or upon motion or application to the court. (N.J.S.A. 2A:17-56.9a; R. 5:7-4A(d)).

7. In accordance with N.J.S.A. 2A:34-23b, the custodial parent may require the non-custodial parent's health care coverage provider to make payments directly to the health care provider by submitting a copy of the relevant sections of the order to the insurer. (R. 5:7-4A(d)).

8. Social Security numbers are collected and used in accordance with section 205 of the Social Security Act (42 U.S.C. 405) to obtain individual's income, employment, and benefit information on individuals through computer matching programs with federal and state agencies, and such information is used to establish and enforce child support under Title IV-D of the Social Security Act (42 U.S.C. 651 et seq.). Disclosure of an individual's Social Security number for Title IV-D purposes is mandatory. (R. 5:7-4A(d)).

9. The United States Secretary of State shall refuse to issue or renew a passport to any person certified as owing a child support arrearage exceeding the statutory amount. In addition, the U.S. Secretary of State may take action to revoke, restrict or limit a passport previously issued to an individual owing such a child support arrearage. (42 U.S.C. 652(k)).

10. Failure to appear for a hearing to establish or to enforce an order, or failure to comply with the support provisions of this order may result in incarceration. If you fail to appear, a default order may be entered against you or a warrant may be issued for your arrest. (R. 5:7-4A(d)).

11. Any payment for child support shall be fully enforceable and entitled to full faith and credit and shall be a judgment by operation of law on and after the date it is due (N.J.S.A. 2A: 17-56.23.a; R. 5:7-4A(d)). Any non-payment of child support has the effect of a lien against your property. This lien may affect your ability to obtain credit or to sell your property. Failure to remit timely payment automatically results in the entry of a judgment against the obligor and post-judgment interest may be charged. Any party to whom the child support is owed has the right to request assessment of post-judgment interest at the rate prescribed by Rule 4:42-11(a) before the judgment may be satisfied. (R. 5:7-4A(d)).

12. In accordance with N.J.S.A. 2A:17-56.7 et seq., the child support provisions of a court order are subject to income withholding on the effective date of the order unless the parties agree, in writing, to an alternative arrangement or either party shows and the court finds good cause to establish an alternative arrangement. The income withholding is effective upon all types of income including wages from current and future employment. (R. 5:7-4A(a)(3)). The child support provisions of the order are subject to income withholding when a child support arrearage has accrued in an amount equal to or in excess of the amount of support payable for 14 days. The withholding is effective against the obligor's current and future income from all sources authorized by law. (R. 5:7-4A(d)).

13. Any occupational, recreational, and professional licenses, including a license to practice law, held or applied for by the obligor may be denied, suspended or revoked if: 1) a child support arrearage accumulates that is equal to or exceeds the amount set by statute, or 2) the obligor fails to provide health care coverage for the child as ordered, or for the obligor's failure to appear at a hearing ordered by the court, or 3) a warrant for the obligor's arrest has been issued by the court for failure to pay child support as ordered, or for the obligor's failure to appear at a hearing to establish paternity or child support, or for failure to appear at a child support hearing to enforce a child support order and said warrant remains outstanding. (R. 5:7-5).

14. The driver's license held or applied for by the obligor may be denied, suspended, or revoked if 1) a child support arrearage accumulates that is equal to or exceeds the amount set by statute, or 2) the obligor fails to provide health care coverage for the child as ordered by the court. The driver's license held or applied for by the obligor shall be denied, suspended, or revoked if the court issues a warrant for the obligor's arrest for failure to pay child support as ordered, or for failure to appear at a hearing to establish paternity or child support, or for failure to appear at a child support hearing to enforce a child support order and said warrant remains outstanding. (R. 5:7-5).

15. The name of any delinquent obligor and the amount of overdue child support owed will be reported to consumer credit reporting agencies as a debt owed by the obligor, subject to all procedural due process required under State law. (N.J.S.A. 2A:17-56.21).

16. Child support arrears may be reported to the Internal Revenue Service and the State Division of Taxation. Tax refunds and homestead rebates due the obligor may be taken to pay arrears (N.J.S.A. 2A:17-56.16).

17. Child support arrears shall be paid from the net proceeds of any lawsuit, settlement, civil judgment, civil arbitration award, inheritance or workers' compensation award to a prevailing party or beneficiary before any monies are disbursed. (N.J.S.A. 2A:17-56.23b).

18. Periodic or lump sum payments from State or local agencies, including lotteries, unemployment compensation, workers' compensation or other benefits, may be seized or intercepted to satisfy child support arrearages. (N.J.S.A. 2A:17-56.53).

19. If you owe past due child support, your public or private retirement benefits, and assets held in financial institutions may be attached to satisfy child support arrearages. (N.J.S.A. 2A:17-56.53).

20. A person under a child support obligation, who willfully fails to provide support, may be subject to criminal penalties under State and Federal law. Such criminal penalties may include imprisonment and/or fines. (N.J.S.A. 2C:62-5, N.J.S.A. 2C:13-11; 18 U.S.C. 22).

21. If this order contains any provision concerning custody and/or parenting time, both parties are advised: Failure to comply with the custody provisions of this court order may subject you to criminal penalties under N.J.S.A. 2C:13-4, Interference with Custody. Such criminal penalties include, but are not limited to, imprisonment, probation and/or fines. Si usted deja de cumplir con las clausulas de custodia de esta orden del tribunal, puede estar sujeto (sujeta) a castigos criminales conforme a N.J.S.A. 2C:13-4, Interference with Custody, (Obstruccion de la Custodia). Dichos castigos criminales incluyen pero no se limitan a encarcelamiento, libertad, multas o una combinacion de los tres.



CS526,54024345

# SUPERIOR COURT OF NEW JERSEY
## UNION VICINAGE
### PROBATION DIVISION

1143 East Jersey Street - Elizabeth, New Jersey 07201
(908) 659-3500



**WALTER R. BARISONEK**
Assignment Judge

**ELIZABETH DOMINGO**
Trial Court Administrator

**FREDERICK R. BOSTEL**
Vicinage Chief Probation Officer

**BRUCE COLANDREA**
Vicinage Assistant Chief Probation Officer

**HERBERT K. FRANCIS, JR.**
Vicinage Assistant Chief Probation Officer

**RAYMOND U. REYNOLDS**
Vicinage Assistant Chief Probation Officer

March 24, 2017

Mr. Eric Mack          CS#: 20612588E


Dear Mr. Mack,

As per your court order, your child support case was vacated effective 2/28/2017, therefore your case is now closed.

As stated previously, probation can not refund any money that has been paid to the custodial parent, Liza McGill. However, you can try to retrieve payments that were made by contacting the Special Civil division and filing a motion.

This is no longer a Probation matter and is now a Special Civil matter.

All further questions regarding your motion should be forwarded to Special Civil at (908) 659-3661.

Very Truly Yours,

Ayisha T. Mickens
Union County Senior Probation Officer
Child Support Enforcement

TRENTON NJ 08609

HONORABLE JUDGE KATHERINE S. HAYDEN
MARTIN LUTHER KING BUILDING + US COURTHOUSE
50 WALNUT STREET ROOM 4015
NEWARK, NJ 07101